IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-02626-EWN-MEH

LINDA WILLIAMS,

   Plaintiff,

v.

BUREAU OF LAND MANAGEMENT,

   Defendant.

---

# ORDER ON MOTION FOR ENTRY OF DEFAULT

---

**Michael E. Hegarty, United States Magistrate Judge**.

Pending before the Court is Plaintiff's Motion for Entry of Default [filed March 19, 2008; doc #28]. The Motion has been referred to this Court for disposition [doc. #29]. Oral argument would not materially assist the Court in the disposition of this Motion. For the reasons set forth below, the Motion is **denied**.

Although the Court must liberally construe the Plaintiff's *pro se* pleading, it does not "assume the role of advocate." *Ledbetter v. City of Topeka,* 318 F.3d 1183, 1187-88 (10th Cir. 2003). Moreover, the Plaintiff's *pro se* status "does not excuse [her] obligation ... to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure." *Ogden v. San Juan County,* 32 F.3d 452, 455 (10th Cir. 1994).

Default may not be entered without proper service on the party against whom default is sought. *See Cunningham v. Ridge*, 2007 WL 4291045, *3 (10th Cir. Dec. 7, 2007). Pursuant to Fed. R. Civ. P. 4(i)(2), to serve a United States agency properly, "a party must serve the United States and also send a copy of the summons and of the complaint by registered or certified mail to

the agency" (emphasis added). To serve the United States properly according to Fed. R. Civ. P. 4(i)(1), a party must:

> (A)(i) deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought - or to an assistant United States attorney or clerical employee whom the United States designates in a writing filed with the court clerk - or
>> (ii) send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office;
>
> (B) send a copy of each by registered or certified mail to the Attorney General of the United States at Washington D.C.; and
>
> (C) if the action challenges an order of a non-party agency or officer of the United States, send a copy of each by registered or certified mail to the agency or officer.

Here, there is evidence Plaintiff sent by certified mail a summons and copy of the Complaint to the Defendant agency's office in Lakewood, Colorado, in partial compliance with Fed. R. Civ. P. 4(i)(2); however, there is no evidence that Plaintiff has fully complied with the requirements of Rule 4(i)(2) as they are set forth in Fed. R. Civ. P. 4(i)(1). Because there is currently no proof of proper service on the Defendant, the Court may not enter default against it. Therefore, the Court will deny the Motion for Entry of Default.

Dated at Denver, Colorado this 24th day of March, 2008.

                                                    BY THE COURT:

                                                    s/ Michael E. Hegarty
                                                    Michael E. Hegarty
                                                    United States Magistrate Judge