IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-02626-EWN-MEH

LINDA WILLIAMS,

    Plaintiff,

v.

BUREAU OF LAND MANAGEMENT,

    Defendant.

---

### RECOMMENDATION ON PENDING MOTIONS TO DISMISS

---

Pending before the Court is Defendant's Motion to Dismiss [filed May 22, 2008; doc #41]. Plaintiff has responded substantively to the Motion to Dismiss in a document titled "'My' Motion to Dismiss" [filed June 9, 2008; doc #45]. The matters have been referred to this Court for recommendation. For the following reasons, the Court recommends that Defendant's Motion to Dismiss be granted and this case dismissed for failure to state a claim, and that Plaintiff's Motion to Dismiss be denied.

**I.    Facts**

The facts are simple. Plaintiff submitted an application for a patent on two mining claims in 1999. The applications were denied because of a congressional moratorium on the issuance of patents legislated in 1994, *see Mt. Emmons Min. Co. v. Babbitt*, 117 F.3d 1167, 1169 (10th Cir. 1997), and renewed yearly since then. *E.g.*, PL 110-161 (HR 2764), Consolidated Appropriations Act, 2008, Title IV, Sec. 408. Plaintiff filed a Complaint in this Court (inappropriately utilizing the printed form for Title VII complaints of employment discrimination) in which she demands issuance of her patents. She does not bring any constitutional or other claims. Defendant has moved to dismiss the Complaint in reliance on the moratorium.

## II. Analysis

A motion to dismiss should be granted only if the plaintiff has "failed to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In doing so, all well-pleaded factual allegations in the Complaint must be taken as true and viewed in the light most favorable to the non-moving party. *GFF Corp. v. Assoc. Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997). The Court must review the Complaint to determine whether it contains "enough facts to state a claim to relief that is plausible on its face." *Anderson v. Suiters*, 499 F.3d 1228, 1232 (10th Cir. 2007) (citations omitted). This minimal standards requires the plaintiff to establish "a reasonable likelihood of mustering factual support for these claims," *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007), by "sufficiently alleg[ing] facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed." *Forest Guardians v. Forsgren*, 478 F.3d 1149, 1160 (10th Cir. 2007).

Although the Court construes a *pro se* plaintiff's pleadings liberally, Plaintiff still retains "the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). This burden remains because "a *pro se* plaintiff requires no special legal training to recount the facts surrounding [her] alleged injury, and [she] must provide such facts if the court is to determine whether [she] makes out a claim on which relief can be granted." *Id.*

The law is clear that the United States Government may not issue any mining patents at this time, due to the moratorium. The moratorium grandfathered in patent applications that were in process in 1994. The grandfather clause does not apply to Plaintiff, who submitted her applications in 1999. No court that has considered the moratorium has suggested that this is not a legitimate exercise of legislative authority. *E.g.*, *Freeman v. United States*, 50 Fed. Cl. 305 (2001); *Mt.*

*Emmons Min. Co.*, *supra*; *R.T. Vanderbilt Co. v. Babbitt*, 113 F.3d 1061, 1064 (9th Cir. 1997). Plaintiff fails to state a claim for issuance of the proposed patents due to this congressional action.

### III. Conclusion

For the foregoing reasons, the Court **recommends** that Defendant's Motion to Dismiss [filed May 22, 2008; doc #41] be **granted**, and that this case be **dismissed with prejudice** and that Plaintiff's "'My' Motion to Dismiss" [filed June 9, 2008; doc #45] filed in response to Defendant's Motion be **denied**. Under Fed. R. Civ. P 72, the parties shall have ten (10) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned.[1]

Dated at Denver, Colorado this 18th day of June, 2008.

BY THE COURT:

s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge

---

[1] The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive, or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a *de novo* determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within ten (10) days after being served with a copy of this Recommendation may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *Niehaus v. Kansas Bar Ass'n*, 793 F.2d 1159, 1164 (10th Cir. 1986).